FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JERAMIE M.,[1]

                    Plaintiff,

          v.

FRANK BISIGNANO,
Commissioner of Social Security,

                    Defendant.

No.   4:25-cv-5102-EFS

**ORDER RULING ON CROSS MOTIONS FOR REMAND AND REMANDING FOR CALCULATION OF BENEFITS FROM FEBRUARY 2016 TO MAY 2021**

Both parties agree that the Administrative Law Judge (ALJ) erred for a third time. However, the parties disagree as to the appropriate relief. Plaintiff asks the Court to remand for payment of benefits, while the Commissioner argues that there are evidentiary conflicts that necessitate a remand for further proceedings. Because

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

ORDER RULING ON CROSS MOTIONS TO REMAND - 1

the credited-as-true evidence establishes that Plaintiff's mental-health symptoms prevent her from sustaining full-time work and because the Commissioner has been granted three other opportunities to satisfy its "duty to fully and fairly develop the record and to assure that the claimant's interests are considered,"[2] and thrice failed to do so, benefits are to be awarded on remand.

## I.    Background

It has been almost eight years since Plaintiff, who is now 56 years old, filed her application for Title 2 disability insurance benefits, alleging disability beginning May 1, 2016, due to depression, anxiety, post-traumatic stress disorder (PTSD), bipolar disorder, extreme manic episodes, intermittent explosive personality disorder, and alcohol use disorder.[3] Her application was denied initially, on reconsideration, and then by the ALJ, whose decision was upheld by the Appeals Council.[4]

---

[2] *Tonapetyan v. Halter*, 242 F.3d 1144, 1151 (9th Cir. 2001) (quoting prior cases).

[3] AR 171–79, 208–17.

[4] AR 1–9, 12–28, 64–88, 91–98.

ORDER RULING ON CROSS MOTIONS TO REMAND - 2

That denial was reversed by the Court in 2022, with the direction that the ALJ re-evaluate the medical opinions and how Plaintiff's mental-health impairments impact her concentration, memory, and emotional stability.[5]

The ALJ held a new hearing in 2024, at which Plaintiff again testified to mental-health difficulties, including 1–2 manic episodes per month followed by depression for 2–3 days.[6] The ALJ again denied Plaintiff benefits.[7] Plaintiff appealed the denial to federal court.[8] The Court determined the ALJ again erred in her evaluation of the medical opinion evidence, including the opinions issued by the testifying medical expert Michael Lace, PsyD, and treating provider Kishore Varada, PA-C, and by failing to determine whether Plaintiff's Bipolar Affective Disorder Dimensional Scales (BADDS or BAD) scores noted by PA-C Varada in the treatment notes support PA-C Varada's opinion

[5] AR 600–28; E.D. Wash. No. 4:21-cv-5138-EFS.

[6] AR 560–76.

[7] AR 528–59.

[8] AR 1042–69; E.D. Wash. No. 4:24-cv-5036-EFS.

ORDER RULING ON CROSS MOTIONS TO REMAND - 3

that Plaintiff would be off task and unproductive more than 30% of the workweek and would miss 4 or more days of work per month.[9] The Court directed the ALJ, "if necessary, [to] develop the record further by ordering a consultative examination or calling a medical expert to testify."[10] On remand, although the ALJ did hold a new hearing, the ALJ neither ordered a consultative examination nor called a medical expert to testify at the hearing to offer an opinion as to Plaintiff's non-exertional abilities. Instead, the ALJ simply received more recent medical records and took testimony from Plaintiff and a vocational expert.[11]

Plaintiff testified about her work attempts in recent years. She shared that since September 2024 she worked part-time stocking shelves at Williams Sonoma, where she usually works 15 hours a week, but during the holiday period worked 25–28 hours a week.[12] She stated

[9] AR 1056–58.

[10] AR 1058.

[11] AR 978–1013.

[12] AR 985–87.

ORDER RULING ON CROSS MOTIONS TO REMAND - 4

that one of her managers is very supportive of her bipolar disorder and that the managers often redirect her back to her tasks and will send her home early if she gets irritable at her coworkers or manager or if she loses focus and engages in distracted behavior.[13] She shared that her manager sends her home early from work about 2–3 days a month.[14] Prior to her current job, she worked part-time at Chico's, Jay James, and Home Depot, but she was fired from each of these jobs after about 2½ months because she would lose focus, miss work, and/or get irritable and snap at people.[15] She shared that she believes she is doing well at work, but then her "managers seem to point it out to me that I'm not doing as well."[16]

The ALJ again denied benefits.[17] The ALJ found:

---

[13] AR 986, 993, 998.

[14] AR 991–92.

[15] AR 987, 996–97. *See also* AR 565–67.

[16] AR 987.

[17] AR 951–68.

ORDER RULING ON CROSS MOTIONS TO REMAND - 5

- Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024.

- Step one: Plaintiff engaged in substantial gainful activity during July to September 2023; October to December 2024; and January to March 2025.

- Step two: Plaintiff had the following medically determinable severe impairments through the date last insured: depression, anxiety, PTSD, bipolar disorder, and substance abuse disorder in self-reported remission.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff could perform a full range of work at all exertional levels but with the following nonexertional limitations:

  > [Plaintiff] can understand and apply simple instructions; has the concentration, persistence, and pace for simple work; can interact occasionally with the general public, co-workers, and supervisors; and can tolerate occasional changes to work routines.

- Step four: Plaintiff has no past relevant work.

ORDER RULING ON CROSS MOTIONS TO REMAND - 6

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a warehouse worker, floor waxer, marker, and stock person.[18]

Plaintiff appeals the denial of disability and asks for an immediate award of benefits.[19]

## II.    Analysis

Plaintiff argues the ALJ erred for several reasons, including failing to consider her unsuccessful work attempts, erring at steps three and five, and improperly rejecting her testimony, PA-C Varada's treating opinion, and social worker Kristine Stowe's treating opinion. Without addressing the specific issues raised by Plaintiff, the Commissioner generally agrees the ALJ erred. Yet rather than agree to a remand for payment of benefits, the Commissioner argues that because "Plaintiff worked part-time throughout the relevant time period, had substance abuse issues, . . . intermittent compliance with

[18] AR 954–68.

[19] ECF Nos. 1, 15, 20.

ORDER RULING ON CROSS MOTIONS TO REMAND - 7

treatment. . . [, and improvement when] compliant with medical recommendations," further proceedings are needed so the ALJ can resolve these "evidentiary conflicts" and "ambiguities in the record."[20]

## A.    Remand Standard

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course absent rare circumstances.[21] Three factors must be satisfied for the court to consider remand for payment of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[22]

---

[20] ECF No. 19 at 6, 7, 10.

[21] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

[22] *Id.* at 1101; *Garrison v. Colvin*, 759 F. 3d 995, 1010 (9th Cir. 2014).

ORDER RULING ON CROSS MOTIONS TO REMAND - 8

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[23]

## B.   Remand Analysis

The last two factors are undisputed. The parties agree the second factor—that the ALJ erred—is satisfied. And the Commissioner does not challenge the third factor—that if the treating opinions, Plaintiff's unsuccessful work attempts, her sheltered employment, her husband's statements, and her testified-to bipolar mania/hypomania and depressive symptoms of attendance, focus, and irritability difficulties are credited as true, the ALJ is required to find the claimant disabled.

Therefore, the focus is on the first factor: whether the record has been fully developed and whether further administrative proceedings will serve a useful purpose.

---

[23] *Id.* at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

ORDER RULING ON CROSS MOTIONS TO REMAND - 9

As to whether the record is fully developed, the Commissioner does not identify what evidence is necessary to be developed on remand, nor does the Commissioner explain why it should be given another opportunity to develop the record. Previously, this Court directed the Commissioner to consider ordering a psychiatric consultative examination and to obtain testimony from a medical expert to shed insight as to the extent of Plaintiff's mental-health symptoms, particularly her bipolar symptoms as reflected by the BADDS scores on PA-C Varada's treatment notes.[24] But during neither of the two remands did the Commissioner order a new psychiatric consultative examination or question a new medical expert about Plaintiff's bipolar symptoms and PA-C Varada's BADDS scores. Moreover, the Commissioner did not supplement the medical evidence by contacting PA-C Varada to explain the BADDS scores on his

_____

[24] AR 1058.

ORDER RULING ON CROSS MOTIONS TO REMAND - 10

treatment notes.[25] Instead, as to the BADDS scores, the ALJ simply stated:

> Mr. Verada [sic] consistently noted in the 'Review of Measures' that various screening measures were administered, including the PHQ, GAD, and BAD, but he did not explain the scores indicated or reference these findings in his assessment. The undersigned relies on the narrative statements made at each visit, as summarized above, as support for the above residual functional capacity.[26]

The Court's prior remand made clear that the ALJ (and the Commissioner) needed to do more than simply discount PA-C Varada's BADDS scores on the grounds that they were listed on the treatment records without an express discussion by PA-C Varada as to their correlation between his observed symptoms and other information obtained during the treatment session.

---

[25] *See* Program Operations Manual System (POMS) DI 22505.008 Supplemental Development of Evidence (available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0422505008).

[26] AR 965.

ORDER RULING ON CROSS MOTIONS TO REMAND - 11

In both of its prior decisions, the Court found that the ALJ failed to meaningfully discuss what impact Plaintiff's bipolar symptoms of mania/hypomania and depression have on her ability to sustain work. PA-C Varada was her treating provider during much of the relevant period, and he listed that Plaintiff's BADDS score ranged from 18 to 24. Per the BADDS scale, a score of 18 references elation or irritability and 1+ associated manic symptom for a distinct period, and a score of 24 represents elation or irritability and 3+ associated manic symptoms for at least 1 day.[27] PA-C Varada's listed scores of 18 and 24 were consistent with his noted observations and findings during the treatment sessions.[28] Given the Commissioner's failure to seek more information from PA-C Varada, obtain a psychological

---

[27] The Bipolar Affective Disorder Dimension Scale (BADDS) – a dimensional scale for rating lifetime psychopathology in Bipolar spectrum disorders, available at https://pmc.ncbi.nlm.nih.gov/articles/PMC481074/.

[28] *See, e.g.*, AR 397–423, 478–514, 787–814.

ORDER RULING ON CROSS MOTIONS TO REMAND - 12

consultative examination, or question a medical expert about the BADDS scores, the Court declines to afford the Commissioner another opportunity to develop the record.

As to whether further administrative proceedings will serve a useful purpose for a claim with a date last insured of December 31, 2024, the Court determines this is a rare circumstance wherein Plaintiff's symptom testimony, her husband's statements, the unsuccessful work attempts, sheltered employment, and PA-C Varada's opinion are to be credited-as-true and as a result benefits are to be awarded. This is a "prophylactic measure designed to motivate the Commissioner" to ensure that it fully and fairly develops the medical record initially and during subsequent remands.[29]

Moreover, Plaintiff's work history in recent years reflects that even if her symptoms abate for brief periods due to ongoing medication management and abstaining from excessive alcohol consumption, she is unable to sustain full-time employment absent a sheltered workplace.[30]

---

[29] *Treichler*, 775 F.3d at 1100.

[30] 20 C.F.R. § 404.1573(c).

ORDER RULING ON CROSS MOTIONS TO REMAND - 13

The updated record confirms that Plaintiff requires accommodation for excessive absenteeism and her disruptive behavior toward coworkers and managers; and she needs an understanding manager who can provide redirection during her part-time employment is necessary.

There is no reason to remand again—to do so would "allow[] the ALJ to have a mulligan," which is not a "useful purpose" for granting further administrative proceedings.[31]

### III.   Conclusion

Remand for an award of benefits is appropriate. Based upon the credited evidence, there is no reason to doubt that she is disabled. There is no useful purpose in remanding for further proceedings.[32]

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner of Social Security for a calculation of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

---

[31] *Garrison*, 759 F.3d at 1022.

[32] *See Vasquez v. Astrue*, 572 F.3d 586, 593–94 (9th Cir. 2009).

ORDER RULING ON CROSS MOTIONS TO REMAND - 14

2.      The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 15 and 19,** enter **JUDGMENT** in favor of **Plaintiff**.

3.      The case shall be **CLOSED**.

IT IS SO ORDERED.  The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this 27th  day of March 2026.

_Edward F. Shea_

EDWARD F. SHEA
Senior United States District Judge

ORDER RULING ON CROSS MOTIONS TO REMAND - 15